[No. 7170.   Decided September 18, 1908.]

NELLIE KELSO et al., *Respondents*, v. AMERICAN INVESTMENT
& IMPROVEMENT COMPANY et al., *Appellants*.[1]

CORPORATIONS — INSOLVENCY — RECEIVERS — FRAUDULENT CONVEY-
ANCES.  A receiver is properly appointed for an insolvent corporation,
at the suit of creditors, and the complaint states a cause of action,
where it appears that it was, from its inception, a fraudulent scheme
on the part of its promoter, that it fraudulently assumed to make
sales of property to the plaintiffs without having any title, and that
it was without any assets and had conveyed to its promoter and
chief stockholder all its property with intent to defraud its creditors.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered June 19, 1907, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury.   Affirmed.

*Hammond & Hammond, Blaine, Tucker & Hyland, S. M.
Brackett*, and *Walker & Munn* (*W. W. Wilshire*, of counsel),
for appellants American Investment & Improvement Com-
pany and D. H. Lee.

*William W. Wilshire*, for appellants Fidelity & Deposit
Company and Whalley.

*Roberts & Hulbert*, for respondents.

HADLEY, C. J.—This is an action brought by the creditors
of the American Investment & Improvement Company,
against that company and others, for the purpose of setting
aside certain conveyances of real estate made by that cor-
poration, and also to procure the appointment of a receiver
for the company.   Some of the complainants are judgment
creditors, and some are contract holders for the purchase of
real estate from the corporation.   Other persons are made
codefendants with the corporation because of interests which
they assert against the land.

[1]Reported in 97 Pac. 294.

The complaint is very long and charges many things, among them, the following: That the defendant D. H. Lee, as president of the corporation, caused the corporation, by contract, to agree to convey to himself and one J. R. Young certain land belonging to the company, consisting of about one hundred and fifty-seven acres; that afterwards Whipple, one of the plaintiffs in this cause, bought the interest of Young, and the property was then platted into blocks but not into lots, and known as "Lakeside City"; that afterwards the corporation caused this land to be conveyed to the defendant D. C. Young; that later the defendant D. H. Lee, as president of the corporation, caused all of the remainder of the real estate belonging to the corporation to be conveyed to himself; that the conveyance was without any consideration, was fraudulent and void as to all the stockholders and creditors of the corporation, and was made by the corporation and its president for the express purpose of cheating and defrauding the creditors and all of the stockholders thereof except said defendant Lee; that Lee, having in his control the entire management of said corporation, has caused all the assets thereof to be wrongfully and fraudulently transferred, leaving no property of any character standing in the name of the corporation; that the corporation has represented, and is representing, that it has caused plats to be filed upon the lands mentioned, comprising three separate additions, but that no such plats have been filed, and that sales to many persons have been wrongfully and fraudulently made by reason of such representations; that most of the sales have been made upon contracts, the purchasers paying certain sums in cash and agreeing to pay the remainder in installments, and the contracts contain a clause that, upon failure to make each payment promptly, the person so failing forfeits all money already paid; that the defendants D. H. Lee and his son R. H. Lee are collecting those payments from month to month, applying the proceeds to their own use, and refusing to pay the just claims

against the corporation.    The contracts of certain holders who are parties to this suit are particularly described and specified, and it is alleged that, after paying or tendering the whole amount due and demanding deeds of conveyance, the same were refused, and that the purchasers have been unable to acquire title to the property.

It is further alleged that the corporation is wholly unable to make deeds of conveyance to any of such purchasers, for the reason that it has no title to the property, and for the further reason that the land is incumbered by mortgages now in process of foreclosure; that the contract holders have no adequate remedy unless a receiver is appointed to administer the affairs of the corporation and cause its assets to be reconveyed to it.    The prayer of the complaint is that a receiver shall be appointed, and that the conveyance hereinbefore specified as having been made to D. C. Young, and also that to D. H. Lee, shall be cancelled and set aside.

A temporary receiver was appointed, and he was later permitted to file a petition in the action in the nature of an intervention.    Other parties also intervened.    The various pleadings between all the parties are very long and complicated, and we do not find it necessary to undertake a statement of them here.    The cause was tried by the court without a jury, and the court entered findings of facts and conclusions of law.

We believe the most direct way to place before the reader a more full understanding of the case is to state somewhat in detail the more material and numerous facts as found by the court.    In substance, they are as follows: That certain plaintiffs are contract holders such as described in the complaint, and that certain others are judgment creditors; that the plaintiff Whipple claims the right to purchase about one hundred and fifty-eight acres of the property involved in the deed of conveyance to D. C. Young; that the defendant O'Bryan has filed a cross-complaint, claiming to be the owner of twelve hundred shares of the capital stock of said corporation, of the par value of $120,000, and he asks to have the

conveyances to D. H. Lee and D. C. Young set aside, and prays the appointment of a receiver; that the corporation purports to have been organized with a capital stock of $10,000,000, which it is claimed was fully paid by the offer to transfer to the company certain oil claims or lands in the Kayak district, in Alaska; that the lands were merely locations upon which it was necessary to do assessment work in order to preserve the rights of the owners; that such assessment work has never been done, and the claims do not appear to have been of any value, but are worthless; that ninety-nine thousand nine hundred and ninety-eight shares of the capital stock of the corporation appear to have been issued to one McFaul in consideration of his offer to transfer these oil lands in Alaska; that there is no evidence that the oil lands were transferred to the corporation; that upon the same day the entire capital stock of the corporation was issued to the defendant D. H. Lee, there being a total issue to him of one hundred thousand shares; that the shares issued to McFaul were by him immediately surrendered, and they were at once reissued to Lee; that the corporation received no consideration for its capital stock, except the sum of $200 paid for two shares of stock by Lee and one Smith, and possibly a certain other sum for stock which was delivered to Knight and Williams as part of the purchase price of property, which question the court declined to determine in this case; that D. H. Lee was at all times the president and general manager of the corporation, and during most of the time held the office of treasurer or assistant treasurer; that he was at all times a member of its board of trustees, was the promoter of the enterprise, was at all times the leading and directing spirit in the corporation, and exercised complete control and dominion over the corporation and its officers, the other so-called directors being mere dummies; that, with the corporation having no assets excepting oil lands which are of no value, it entered into a contract with Knight and Williams for the purchase of certain land, which contract was in the nature of

an option whereby the corporation agreed to pay one dollar in cash and six hundred shares of the capital stock of the company, of the par value of $60,000, and a mortgage in the sum of $15,000; that afterwards the corporation entered into a contract to purchase from the Robertson Mortgage Company a certain tract of land for the consideration of $4,000, the corporation still having no money or means with which to pay for any property; that it then entered into a contract with Knight and Williams whereby the latter agreed, for a consideration of $2,000 to be paid to them and a further issue to them of six hundred shares of the capital stock of the corporation, of the par value of $60,000, to release a part of the property from their contract and mortgage; that thereupon the corporation executed and delivered to the mortgage company a mortgage for $7,500 upon all the land purchased from the mortgage company and all that part of the Knight and Williams land released by the latter, the mortgage company retaining from the amount of the mortgage $4,000 to pay for its land, and delivering to the corporation the sum of $3,500; that, after said property was acquired by the corporation, it proceeded to advertise the same and offer it for sale upon the market as having been duly platted, offering to purchasers to furnish clear title and free abstracts, and sales were made to a large number of innocent purchasers; that at all of said times the land was covered by the mortgages above mentioned, and in addition thereto a second mortgage was given to Knight and Williams in the sum of $3,000; that about November 20, 1905, the corporation purports to have sold by contract to Lee, its president, and one J. R. Young about one hundred and fifty-eight acres of said land, being all that part of it now known as Lakeside City, and the plaintiff Whipple now claims as the assignee of J. R. Young to have the right thereunder to purchase the whole tract; that the land was not platted as represented by Lee at the time of making sales to various purchasers, but a plat

25—50 WASH.

was filed of Lakeside City in blocks but never in lots as it was sold; that, since the beginning of this suit, Lee procured to be filed a plat of Lakeside City; that the corporation also acquired by purchase from the state of Washington certain shore lands lying in front of the above mentioned lands; that in May, 1906, Lee caused the corporation to execute and deliver to himself a deed of conveyance whereby the attempt was made to convey to him certain of the uplands and shore lands, the consideration stated in the deed being $110,000; that, by resolution of the same date, Lee and the corporation caused to be conveyed to D. C. Young certain other of the lands above mentioned, for an alleged consideration of $30,-000; that, at the time of the execution of said deeds, they are alleged to have conveyed all the property belonging to the corporation; that the corporation had no personal property, no office furniture or fixtures, no cash in hand, and if said conveyances shall stand as legal and valid, it leaves the corporation without any assets of any kind; that, according to the testimony of the officers of the corporation, no books of account were ever kept and no bills or vouchers or itemized statements of account can now be found or produced; that the mortgages upon said property have not been paid and a suit is now pending to foreclose the two mortgages originally given to Knight and Williams; that other creditors of the corporation are unpaid and other suits are pending which affect the land; that the deeds to D. H. Lee and D. C. Young were made without any authority on the part of the corporation, and without any consideration moving from the grantees therein to the corporation, and they were at all times fraudulent and void; that all the purchasers and contract holders have an interest either in the land which they contracted to purchase, or in having the money which they have paid returned to them in case title to the land cannot be obtained; that, in the last-named event, they should be held to be creditors of the corporation to the extent of the amounts which they have paid; that their claims are wholly

unsettled and no provision has been made for obtaining or perfecting title for them.

It was further found that no appeal was ever prosecuted by the said corporation in the case of W. W. Whipple against D. H. Lee and the corporation, and that no notice of appeal in said cause was ever given on behalf of the corporation, no appeal bond was ever executed in its behalf, and it was in no way joined in the appeal; that the corporation was not benefited by the appeal taken in that case by D. H. Lee as an individual, and it was in no way interested in the execution of a certain deed of trust for a part of the land above mentioned to the Fidelity & Deposit Company of Maryland and John A. Whalley, which deed of trust was intended as an indemnity to said surety company for furnishing an appeal and supersedeas bond in the appeal mentioned; that no resolution was ever passed by the trustees of the corporation authorizing the execution of the trust deed, and no authority for its execution existed; that the trust deed contained a provision to the effect that when its conditions should have been performed the property should be reconveyed, not to the corporation, but to D. H. Lee individually; that the agents and representatives of said surety company had sufficient knowledge as to the true condition of said corporation, and the relation of D. H. Lee to the same, to, have placed them upon guard and to have required a more full and thorough investigation of the corporation's affairs and its relation to Lee; that Lee dominated and controlled the corporation and caused the trust deed to be made solely in his own interest, and his act was without authority as against the corporation.

From the foregoing facts, the court concluded that the deeds from the American Investment & Improvement Company to D. H. Lee and D. C. Young are void in law, and that the plaintiffs in this suit, and also the receiver upon his petition of intervention in the cause, are entitled to have a decree setting aside the deeds, and to have all the property therein

described reconveyed to the corporation, including the shore lands; that the deed of trust, purporting to have been executed by the corporation and D. H. Lee to the Fidelity & Deposit Company of Maryland and John A. Whalley, is of no force and effect as against the corporation, and that the Fidelity & Deposit Company of Maryland and John A. Whalley should be decreed to have no right, title, or interest of any kind in said land, and that the title of the corporation should be quieted as against them; that the previous appointment of a temporary receiver in the cause was proper, and that the appointment should now be made permanent; that a receiver should be appointed to take charge of all the property and assets of the corporation, who shall administer its affairs under the orders and directions of the court. Such a decree was entered, and the American Investment & Improvement Company and D. H. Lee have jointly appealed. The Fidelity & Deposit Company of Maryland and John A. Whalley have also joined in an appeal.

The record in the cause is a very tedious one, comprising hundreds of pages, by which the various contentions as made in the trial court are brought here. The writer has spent much time in reading the record; but in view of what has already been stated from it, we believe that no extended discussion here is necessary. The history of the management of the corporation is somewhat remarkable, and sufficiently speaks for itself to make comment upon the facts unnecessary. It is contended that the demurrers to the complaint should have been sustained; but we think, from our statement of the averments contained in the complaint, it is manifest that a cause of action was stated calling for the setting aside of the conveyances and also for the appointment of a receiver. The interests of the contract holders and the judgment creditor as plaintiffs are sufficient under all the averments to warrant them in asking the relief sought against conveyances which fraudulently transferred the corporate assets, leaving nothing to pay their claims. The allegations also show an insol-

vent condition of the corporation, if the conveyances attached are permitted to stand, and in any event, even if not permitted to stand, the averments as to bad faith on the part of those controlling the stock and policy of the corporation, and also as to the generally confused and complicated condition of corporate affairs, show that the corporation is in imminent danger of insolvency. The complaint, therefore, showed ground for a receivership under our statute, Bal. Code, § 5456 (P. C. § 575).

We think the findings of the court, as we have stated them in substance, are well sustained by the evidence, and we shall not disturb them, as we discover no prejudicial error in the trial of the cause. The conclusions which the court reached, and the decree which it rendered, in all respects followed from the facts. The judgment is therefore affirmed.

CROW, FULLERTON, and RUDKIN, JJ., concur.

MOUNT and ROOT, JJ., took no part.